IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT PIERCE DIVISION

CASE NO. 2-13-CV-14375/GRAHAM-LYNCH

ALLISON LANDSMAN,

    Plaintiff,

v.

CITY OF VERO BEACH, a political
Subdivision, OFFICER FLETCHER
McCLELLAN, in her individual
Capacity, CHIEF DONALD DAPPEN,
Former Chief of Police of the City of
Vero Beach, in her official and individual
Capacities,

    Defendants.

_____/

**MOTION IN LIMINE OF DEFENDANTS, CITY OF VERO BEACH AND FLETCHER MCCLELLAN, REGARDING MATTERS RELATED TO THE PURSUIT, TRAFFIC STOP AND DETENTION OF ALLISON LANDSMAN AND INCORPORATED MEMORANDUM OF LAW**

    The Defendants, the City of Vero Beach and Fletcher McClellan, by and through their undersigned attorneys, and pursuant to Paragraph 20 of the Scheduling Order Setting Pretrial Conference and Trial Dates [Dkt. 33], file and serve their Motion in Limine Regarding Matters Related to the Pursuit, Traffic Stop and Detention of Allison Landsman, requesting that this Court enter an Order preventing all counsel from communicating or expressing, either directly or indirectly, any evidence, argument or comment whatsoever regarding matters related to the pursuit, traffic stop and detention of Allison Landsman in this case. In support thereof, the Defendants state as follows:

**Statement of the Case and Facts**

1. This case is a civil action for damages arising out of a December 6, 2010 encounter between Allison Landsman, on the one hand, and Officer Fletcher McClellan of the City of Vero Beach Police Department, on the other hand.  [Dkt. 46]

2. Ms. Landsman was arrested as a result of her conduct on December 6, 2010. Ms. Landsman entered a plea of no contest and was adjudicated guilty for violating Florida Statute 316.193 (DUI Impairment) and Florida Statute 316.063 for leaving the scene of an accident. [Dkt. 78-2; Dkt. 78-3, p. 28, line 25 – p. 29, line 6; Dkt. 86-7]

3. The Plaintiff claims that Officer Fletcher McClellan used excessive force on Allison Landsman during their encounter on December 6, 2010. [Dkt. 46, ¶ 24]

4. Count I of the Amended Complaint purports to set forth claims against Officer McClellan under 42 USC 1983 for violation of the Plaintiff's Fourth and Fourteenth Amendment rights. [Dkt. 46]

5. Count II of the Amended Complaint purported to assert claims against Chief Donald Dappen, in both his individual capacity and his official capacity, under 42 USC 1983 for violation of the Plaintiff's Fourth and Fourteenth Amendment rights.  [Dkt. 46]    Those claims were dismissed by order dated July 18, 2014. [Dkt. 76]

6. Count III of the Amended Complaint purports to assert a state law negligence claim against the City of Vero Beach. [Dkt. 46] Those claims are specifically set forth as claims for negligent hiring, training, retention and supervision. [Dkt. 46, ¶¶ 49-54]

7. Count IV of the Amended Complaint purports to assert state law battery claims against the City of Vero Beach and Officer McClellan for intentional use of force. [Dkt. 46]

8. This case is scheduled for trial during the trial term commencing on September

22, 2014.

9. Landsman has listed the following as Issues of Law to Be Determined by the Court:

- Whether the Combined Voluntary Cooperation and Operational Assistance Mutual Aid Agreement between the City of Vero Beach and Indian River County, Florida prohibited Officers McClellan and Urbanczyk from detaining Allison Landsman on the night of December 6, 2010.

- Whether Defendant Fletcher McClellan lawfully proceeded outside of his jurisdiction of the City of Vero Beach in pursuit of Allison Landsman the night of December 6, 2010.

- Whether Officer Craig Urbanczyk lawfully proceeded outside of his jurisdiction of the City of Vero Beach in pursuit of Allison Landsman the night of December 6, 2010.

- Whether Allison Landsman was lawfully detained by Fletcher McClellan and/or Craig Urbanczyk prior to leaving the scene of the traffic stop on the night of December 6, 2010.

[Dkt. 125, pages 15-16]

11. Additionally, Landsman has issued the following as Issues of Fact to be litigated at trial:

- Whether Defendant Fletcher McClellan informed Allison Landsman that she was not free to leave the scene of the traffic stop the night of December 6, 2010.

- Whether Officer Craig Urbanczyk informed Allison Landsman that she was not free to leave the scene of the traffic stop the night of December 6, 2010.

- Whether the traffic stop of Allison Landsman on the night of December 6, 2010 complied with Vero Beach Police Department General Order 77 (DUI Enforcement).

[Dkt. 125, pages 14-15]

12. The Defendants, City of Vero Beach and Fletcher McClellan, now file their Motion in Limine regarding Matters Related to the Pursuit, Traffic Stop and Detention of Allison Landsman on the night of December 6, 2010.

## Legal Argument

The motion in limine is a preemptive tool "[to] aid the trial process by enabling the Court to rule in advance of trial on the relevance of certain forecasted evidence, as to issues that are definitely set for trial, without lengthy argument at, or interruption of, the trial." *Bowden v. Wal-Mart Stores, Inc.,* 2001 WL 617521 at *1 (M.D. Ala. February 20, 2001) (citations omitted).

The decision whether to grant or deny a motion in limine is well within the discretion of the trial court. *Jones v. Automobile Ins. Co. of Hartford, Connecticut,* 917 F. 2d 1528, 1537 (11th Cir. 1990) (affirming trial court's decision that evidence is unduly prejudicial and inadmissible).

**The Pursuit, Traffic Stop and Detention of Landsman Are Not Relevant to Any Issues to be Tried.**

As part of the Joint Pretrial Statement, Landsman has listed a number of matters related to the pursuit, traffic stop and detention of Allison Landsman on the night of December 6, 2010 as either issue issues of fact to be tried or issues of law to be determined by the court. [Dkt. 125] However, the any matters related to the pursuit, traffic stop and detention of Allison Landsman are not relevant to any issues in this case.

Landsman apparently wants to litigate whether or not the officers had legal authority to

detain her, along with other matters pertaining to the underlying traffic stop and detention of the Plaintiff. [D.E. 125, pages 14-16] However, matters pertaining to the pursuit, traffic stop and detention of Landsman are not relevant for a variety of reasons.

To begin with, it should be noted that Landsman has a blood alcohol level of 0.279 after she was taken into custody. [D.E. 96-3] It is also important to note that Landsman entered a plea of no contest plea and was adjudicated guilty of violating Florida Statute 316.193 (DUI Impairment) and Florida Statute 316.063 for leaving the scene of an accident. [D.E. 78-2; D.E. 78-3, p. 28, line 25 – p. 29, line 6; D.E. 86-7] These factors bar her from relitigating any federal or state law claims related to the pursuit, traffic stop and detention.

### Landsman Is Precluded from Litigating Federal Claims Related to the Validity of the Pursuit, Traffic Stop and Detention by *Heck v. Humphrey*.

Landsman's no contest plea and conviction are a defense to any claim under 42 USC § 1983 federal claims related to her pursuit, traffic stop, arrest or detention. *Heck v. Humphrey,* 512 U.S. 477 (1994); *Simpson v. Stewart,* 386 Fed.Appx. 859, 860 (11th Cir.2010) (citing *Heck v. Humphrey,* 512 U.S. 477, 486–87, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994)). *Myers v. Bowman,* 713 F.3d 1319, 1326 (11th Cir.2013); *Quinlan v. City of Pensacola*, 867 (11th Cir. 2011).

In *Heck v. Humphrey,* the Supreme Court explained that the purpose of the requirement is to avoid parallel litigation of probable cause and guilt. *Id*. at 484. Specifically, the Supreme Court reasoned:

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus. A claim for damages bearing that relationship

to a conviction or sentence that has *not* been so invalidated is not cognizable under § 1983.

*Id*. at 486-87 (citations omitted) (emphasis in original). The Supreme Court provided the following as an example of a § 1983 action that would be barred:

A state defendant is convicted of and sentenced for the crime of resisting arrest, defined as intentionally preventing a peace officer from effecting a *lawful* arrest. . . . He then brings a § 1983 action against the arresting officer, seeking damages for violation of his Fourth Amendment right to be free from unreasonable seizures. In order to prevail in this § 1983 action, he would have to negate an element of the offense of which he has been convicted. Regardless of the state law concerning res judicata the § 1983 action will not lie.

*Id*. at 487 n. 6 (emphasis in original).

Under this standard, it is not unusual for a § 1983 claim to be dismissed for failure to satisfy *Heck's* favorable termination requirement. See, e.g., Gray v. Kinsey, No. 3:09-cv-324/LC/MD, 2009 WL 2634205, at *9 (N.D. Fla. Aug. 25, 2009) (finding plaintiff's claims barred by Heck's favorable termination requirement where plaintiff sought invalidation of his traffic conviction but failed to appeal the conviction in state court); *Domotor v. Wennet*, 630 F. Supp.2d 1368, 1379 (S.D. Fla. 2009) ("allowing the plaintiff to circumvent applicable state procedures and collaterally attack her convictions in federal court is the precise situation that *Heck* seeks to preclude" because Plaintiff entered into a plea agreement with knowledge of substantially all of the allegations that now form the basis of a § 1983 action for damages); *St. Germain v. Isenhower*, 98 F. Supp. 2d 1366, 1372 (S.D. Fla. 2000) (holding plaintiff's convictions for the lesser-included offenses of false imprisonment and misdemeanor battery did not constitute a favorable termination and thus plaintiff's § 1983 action was precluded by *Heck*). While the determination of whether a disposition is 'favorable' may be complex, generally, "only terminations that indicate the accused is innocent outright out to be considered favorable." *St. Germain*, 98 F. Supp. 2d at 1371 (citing *Uboh v. Reno*, 141 F.3d 1000, 1004 (11th Cir. 1998).

Here, any finding that officers did not have legal authority to conduct the traffic stop, detain or arrest Landsman would logically contradict her criminal conviction for violating Florida Statute 316.193 (DUI Impairment) and Florida Statute 316.063 for leaving the scene of an accident. Therefore, to permit Landsman to litigate those issues would necessarily invalidate her plea and subsequent conviction. Consequently, Landsman is barred from relitigating any federal claims related to her pursuit, traffic stop, arrest or detention.

### Landsman Is Precluded from Litigating Stae Law Claims Related to the Validity of the Pursuit, Traffic Stop and Detention by State Law Principles of Collateral Estoppel.

Not only does *Heck v. Humphrey* prevent Landsman from relitigating any federal claims regarding her pursuit, traffic stop, arrest or detention, but Landsman is also precluded from relitigating any state law claims regarding her pursuit, traffic stop, arrest or detention by Florida collateral estoppel law. In *Zeidwig v. Ward,* 548 So. 2d 209, 214 (Fla. 1989), the Florida Supreme Court specifically authorized the use of defensive collateral estoppel in the criminal-to-civil context. The *Zeidwig* court held that a criminal defendant, as a plaintiff, is prohibited from re-litigating the same issue that was litigated in prior criminal proceedings. *Id. at 209.* With regard to guilty pleas, Florida appellate courts have held that "where a judgment of conviction is based upon a guilty plea . . . a defendant is estopped from denying his guilt of the subject offense in a subsequent civil action." *Kelly v. Dep't of Health & Rehab. Servs.,* 610 So. 2d 1375, 1377 (Fla. 2d DCA 1992); *Beham v. Campbell,* 925 So. 2d 1070, 1072 (Fla. 5th DCA 2006) (concluding that by virtue of his criminal conviction for resisting arrest, the arrestee/plaintiff was foreclosed from collaterally attacking the legality of that arrest in a subsequent civil action); *Moody v. City of Key West,* 805 So. 2d 1018, 1021 (Fla. 3d DCA 2001) (holding plaintiff/arrestee who entered a plea to a reduced charge of simple battery and resisting arrest could not sue officers under § 1983 for wrongful arrest and wrongful detention). Further, a

judgment of conviction is conclusive evidence of probable cause, unless the judgment was obtained by fraud, perjury, or other corrupt means. *Moody,* 805 So. 2d at 1021; *Carter v. City of St. Petersburg,* 319 So. 2d 602, 603 (Fla. 2d DCA 1975). This is true even if the conviction is later overturned. *Carter,* 319 So. 2d at 604. It makes no difference that the final judgment was entered pursuant to a plea of nolo contendere. *Starr Tyme, Inc. v. Cohen,* 659 So. 2d 1064, 1067 (Fla. 1995) (concluding defendant who is adjudicated guilty pursuant to a plea of nolo contendere is collaterally estopped from seeking affirmative relief or defending a civil claim that is based on the same conduct that gave rise to the prior prosecution); *Behm,* 925 So. 2d at 1072 (recognizing a no contest plea constitutes a "conviction" even if adjudication is withheld). Thus, a conviction entered pursuant to a plea of nolo contendere, even if subsequently overturned, conclusively establishes the existence of probable cause and prevents the successful prosecution of a false arrest action. *See id.*

Here, there is no evidence or even an allegation that Plaintiff's plea was obtained by corrupt or fraudulent means. Landsman entered a no contest plea and was adjudicated guilty of violating Florida Statute 316.193 (DUI Impairment) and Florida Statute 316.063 for leaving the scene of an accident. [D.E. 78-2; D.E. 78-3, p. 28, line 25 – p. 29, line 6; D.E. 86-7] Landsman never appealed her conviction or the factual basis for her arrest. Thus, Landsman's conviction for violating Florida Statute 316.193 (DUI Impairment) and Florida Statute 316.063 for leaving the scene of an accident conclusively establishes the existence of probable cause to detain and arrest her and Landsman is estopped from relitigating the validity of her pursuit, traffic stop, detention and arrest. *See Behm,* 925 So. 2d at 1073; *see also Moody,* 805 So. 2d at 1021-22.

It is undisputed that Landsman was convicted of driving under the influence, and she has not alleged that the conviction has been invalidated. Under both *Heck* and collateral estoppel,

that conviction, alone prevents Landsman from litigating any claim related to her pursuit, traffic stop, detention and arrest. Therefore, Landsman cannot contest any of the procedural matters leading up to her pursuit, traffic stop, detention and arrest, including the validity of her arrest. The only issue here is whether or not McClellan committed a battery by using excessive force. As such, any evidence or argument regarding the pursuit, traffic stop, arrest and detention of Allison Landsman on the night of December 6, 2010 must be excluded.

## Conclusion

Evidence or argument regarding the pursuit, traffic stop, detention and arrest of Allison Landsman on the night of December 6, 2010 is not relevant to any issue before the court. As such, it should be excluded. Wherefore, the Defendants respectfully request that this Court instruct all parties, their counsel and witnesses not to include, mention, refer to, interrogate concerning, imply, offer into evidence or otherwise attempt to convey to the jury in any manner, shape or form, either directly or indirectly, any evidence or argument regarding the pursuit, traffic stop, detention and arrest of Allison Landsman on the night of December 6, 2010. The Defendants further request that the Court instruct the parties, their counsel and any and all of their witnesses not to make any reference to the fact that this Motion has been filed, granted or denied.

## Rule 7.1(a)(3) Certification

Pursuant to Rule 7.1(a)(3) of the Rules of the United States District Court for the Southern District of Florida, counsel for the Defendants conferred with opposing counsel regarding this Motion and was advised that the Plaintiff's counsel opposes the Motion and relief sought.

## CERTIFICATE OF SERVICE

Page **9** of **10**

I HEREBY CERTIFY that on **August 19, 2014**, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system and forwarded a copy to **GUY BENNETT RUBIN, ESQ.,** *Rubin & Rubin,* P. O. Box 395, Stuart, FL   34995; Email: grubin@rubinandrubin.com.

**s/ Robert E. Bonner**
Robert E. Bonner
Florida Bar No. 327875
David R. Lane
Florida Bar No. 563889
*Meier, Bonner, Muszynski, O'Dell*
  *& Harvey, P.A.*
260 Wekiva Springs Road,   Suite 2000
Longwood, Florida  32779
E-Mail:  REB@fltrialteam.com
Phone:         (407) 872-7774
Fax:             (407) 872-7997
Attorney for Defendants
