UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT PIERCE DIVISION

CASE NO.: 13-CV-14375-GRAHAM/LYNCH

ALLISON LANDSMAN,

Plaintiff,

v.

CITY OF VERO BEACH, a political subdivision, OFFICER FLETCHER McCLELLAN, in his individual capacity, CHIEF DONALD DAPPEN, Former Police Chief of the CITY OF VERO BEACH, in his official and individual capacities,

Defendants.
_____

**PLAINTIFF'S RESPONSE IN OPPOSITION TO MOTION IN LIMINE OF DEFENDANTS REGARDING MATTERS RELATED TO THE PURSUIT, TRAFFIC STOP AND DETENTION OF ALLISON LANDSMAN (DE 127) AND INCORPORATED MEMO OF LAW IN SUPPORT**

Plaintiff, ALLISON LANDSMAN, by and through undersigned counsel, pursuant to Federal Rule of Civil Procedure 7 and Southern District of Florida Local Rule 7.1, respectfully submits this response in opposition, with incorporated memorandum of law, to the Defendants' Motion in Limine Regarding Matters Related to the Pursuit, Traffic Stop and Detention of Allison Landsman [DE 127], and in support states as follows:

This action was filed in 2013, seeking relief pursuant to 42 U.S.C. § 1983, for violations of Plaintiff's civil rights afforded her under the Fourth and Fourteenth Amendments to the Constitution. The primary claims in this case are related to unnecessary and excessive force used by the City of Vero Beach Police Department after pursuing Plaintiff in her gated community,

1

subsequent to making contact with her over five miles outside the city limits in connection with a misdemeanor hit-and-run involving minor property damage.

Defendants have filed ten (10) motions in limine in this case.  Their objective is to eliminate any piece of evidence from jury consideration that is in any way contrary to their "story" that nothing improper occurred in this case.  Defendants claim that the evidence is irrelevant and prejudicial without any real basis.  The subject Motion is no different.  Defendants request the Court enter an order "preventing all counsel from communicating or expressing, either directly or indirectly, any evidence, argument or comment whatsoever regarding matters related to the pursuit, traffic stop and detention of Allison Landsman in this case."

Defendants have already filed multiple motions in limine that are each in someway related to the pursuit, traffic stop and detention of the Plaintiff by Officers Fletcher McClellan ("McClellan") and Craig Urbanczyk ("Urbanczyk").[1]  The Motion is short on specifics besides seeking a global prohibition on everything related to the pursuit, traffic stop and detention, subjects on which Defendants are also seeking summary judgment.  The subject Motion also refers to the Combined Voluntary Cooperation and Operational Assistance Mutual Aid Agreement ("Mutual Aid Agreement) between the City of Vero Beach Police Department and Indian River County Sheriff's Office and raises the way too familiar, and way too wrong, argument that because *Heck v. Humphrey*, 512 U.S. 477 (1994) precludes Plaintiff from challenging her *nolo contendre* plea to driving under the influence ("DUI"), she is precluded from presenting any evidence related to the traffic stop, pursuit by the officers and her detention. In addition, related to the "*Heck* argument" Defendants similarly assert that Plaintiff is estopped

---

[1] The Plaintiff would hereby adopt and incorporate by reference, as though fully set forth herein, the Plaintiff's responses to those other motions in limine, to the extent it is necessary to do so.

2

from presenting any evidence as to the traffic stop, pursuit and detention because of the *nolo contendre* plea.

At the outset, it is again fully apparent that Defendants have not met their burden of showing that all evidence related to traffic stop, pursuit and detention is inadmissible on all grounds, the standard this Court must apply, *let alone on any ground*. Indeed, it is well established that trial judges are authorized to rule on motions in limine pursuant to the authority to manage trials. *Luce v. United States*, 469 U.S. 38, 41 n. 4 (1984) Additionally, judges have broad discretion when ruling on such motions. *Jenkins v. Chrysler Motors Corp.*, 316 F. 3d 663, 664 (7th Cir. 2002). The real purpose of a motion in limine is to give the trial judge of notice of the movant's position so as to avoid the introduction of damaging evidence which may irretrievably effect the fairness of the trial. Thus, a court has the power to exclude evidence in limine only when evidence is clearly inadmissible on all potential grounds. *Luce*, 469 U.S. at 41.

**Heck and Collateral Estoppel Concepts are Not Applicable to Plaintiff's Claims**

Defendants attempt to take concepts of finality in *Heck v. Humphrey,* 512 U.S. 477 (1994) and collateral estoppel under Florida criminal law, and turn them into exclusionary evidence rules. To achieve this, Defendants misrepresent the issue and holding in *Heck*. The very first sentence of the Supreme Court opinion states, "[t]his case presents the question whether a state prisoner may challenge the constitutionality of his conviction in a suit for damages under 42 U.S.C. 1983." *Id.,* 512 U.S. at 479. Under *Heck*, a plaintiff must prove the conviction or sentence is invalid or reversed on appeal. *Id.,* 512 U.S. at 487-88.

Under Florida law, a judgment of conviction in and of itself is not conclusive proof of the facts upon which it is based. *Trucking Employees of North Jersey Welfare Fund, Inc. v. Romano*, 450 So. 2d 843 (Fla. 1984). "A no contest plea … represents only an accused's

unwillingness to contest charges against him, and does not constitute an admission of guilt and may not be used as direct evidence of guilt in a civil suit or in an administrative proceeding." *Kelly v. Department of Health & Rehab. Serv.*, 610 So. 2d 1375, 1377 (Fla. 2d DCA 1992). A defendant who enters a plea of *nolo contendere* may be collaterally estopped from seeking affirmative relief under Florida law that is based on the same conduct that gave rise to the prior prosecution, but only as to matters that were necessarily decided in favor of the State in a prior proceeding. *Starr Tyme, Inc. v. Cohen,* 659 So. 2d 1064, 1068 (Fla. 1995). "What matters were actually decided in the prior proceeding is a question of fact that must be determined on a case-by-case basis." *Id.*

In this instance, Plaintiff does not challenge the constitutionality of the charges brought against her well after the incident in question by The Indian River Sheriff's Office, a different law enforcement agency than the Vero Beach Police Department that employed McClellan and Urbanczyk. No element of what Landsman seeks to prove in this case involves disputing the factual elements comprising DUI or leaving the scene of a minor property damage hit and run,[2] and she is not seeking affirmative relief based on that same conduct.[3] Here, Plaintiff challenges the use of force in the arrest, which necessarily gives rise to issues of qualified immunity and the objective reasonableness of the officers' actions. Defendants' logic necessarily implies certain facts may be relevant only to a singular claim, proceeding or cause of action. Of course that is ludicrous. Many facts that are not elements of causes of action provide context, background,

---

[2] Furthermore, whether the law enforcement officers violated policies of their own agency and national standards as predicate acts that, but for such violation, force would not have been necessary, is certainly relevant to the defenses asserted by Defendants, that all force was justified and reasonable under the circumstances.

[3] In federal proceedings, a judgment of conviction entered pursuant to a plea of *nolo contendre* will not be given collateral estoppel effect. *In re Raiford,* 695 F. 2d 521 (11th Cir. 1983); *United States v. Satterfield*, 743 F. 2d 827 (11th Cir. 1984).

explanation and motives for actions directly relating to a cause of action.

Rather, it is Plaintiff's position that no Vero Police Department policy or rule, *i.e.*, General Order, or Florida law permitted McClellan and Urbanczyk to: (1) conduct an investigation under the circumstances in unincorporated Indian River County, (2) to stop and detain Plaintiff inside her gated community; (3) to pursue Plaintiff inside the community; and (4) to inflict excessive force on Plaintiff. Simply stated, because the officers could not come into Indian River County to hunt down Plaintiff, because they did not tell Plaintiff she could not leave the traffic stop, because they could not pursue Plaintiff -- any use of force (notwithstanding it ultimately was excessive) would have been excessive and a violation of § 1983. To eliminate all evidence of the traffic stop, pursuit and takedown of Plaintiff removes the ability of both Plaintiff and Defendants to show whether the actions of the officers were "objectively reasonable."[4]

Finally, because it is mentioned in the Motion, it is necessary to comment on the relevancy of the Mutual Aid Agreement, an agreement between the City and Indian River County Sheriff's Department. A copy is attached hereto as Exhibit A. The Mutual Aid Agreement, among other things, governs the activities that each law enforcement agency can conduct in the other's respective jurisdiction. To the extent the subject Motion seeks to encompass the Mutual Aid Agreement, Defendants have again failed to meet their high burden for the granting of a motion in limine. Simply stated, the traffic stop of Plaintiff did not involve an issue intended to be handled by the Mutual Aid Agreement. It specifically provides that it "is not intended to grant general authority to conduct investigations … but is intended to address

---

[4] As indicated by W. Ken Katsaris, Plaintiff's police practices expert, the traffic stop, pursuit and takedown of Plaintiff by the officers does not conform with appropriate police procedures, which supports Plaintiff's position that the actions of the officers were not objectively reasonable under the circumstances. Affidavit of W. Ken Katsaris, [DE 81-3] Para. D(2).)

critical life-threatening or public safety situations…." If further provides that "no officer or appointee shall be empowered under this Agreement to operate in the other agency's jurisdiction without prior approval of the agency head having normal jurisdictions."

The significance and the relevancy of the Mutual Aid Agreement, and its bearing on objective reasonableness of actions, is that had the officers adhered to the Mutual Aid Agreement, the entirety of the incident with Plaintiff would not have occurred. Indian River County Sheriff's Office could have been called to investigate the hit-and-run misdemeanor or could have been on the scene of Plaintiff's home prior to the traffic stop initiated by Urbanczyk. Instead, we know from the police dispatch audio recordings and the Detail Call For Service Report[5] that the Vero Beach Police Department specifically called off and requested that Indian River County Sheriff's deputies not come to Plaintiff's community. (See DE 145-1, P. 1 and DE 145-2, P. 2.)

Defendants are well aware of the significance of the actions of McClellan and Urbanczyk, which will be a focus at trial as to whether they were objectively reasonable under the circumstances, for purposes of § 1983 and Plaintiff's state law claims. Indeed, Defendants have submitted affidavits, albeit contradictory to deposition testimony, that go into great detail as to the facts surrounding the DUI stop, the events related to the traffic stop and their pursuit and "takedown" of Plaintiff. These issues are relevant[6] and not prejudicial to the legal claims. The jury is entitled to hear and consider them. To hold otherwise would result in only the officers in

---

[5] It should come as no surprise that Defendants have filed motions in limine as each of the "irrelevant and prejudicial" items of evidence.

[6] Evidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action.

question being able to tell their inconsistent[7] testimony to the jury and still raise issues as to their perception of their traffic stop, pursuit and takedown of the Plaintiff.[8]

WHEREFORE, Plaintiff respectfully requests this Court to enter an Order denying the subject Motion, along with all other relief as this Court deems appropriate and consistent.

Dated: September 10, 2014.

s/ Guy Bennett Rubin, Esq._____
Guy Bennett Rubin, Esq. (Florida Bar No.: 691305)
grubin@rubinandrubin.com
Michael Compagno, Esq. (Florida Bar No.: 886084)
mcompagno@rubinandrubin.com
Rubin & Rubin
PO Box 395
Stuart, Florida 34995
Telephone: (772) 283-2004
Facsimile: (772) 283-2009
Attorneys for the Plaintiff, Allison Landsman

---

[7] As set forth in the Plaintiff's Motion to Strike Sham Affidavits and in the Response in Opposition to McClellan's Motion for Summary Judgment, McClellan and Urbanczyk's sworn testimony has changed sharply over time and is not supported by a dash-cam video of the incident.

[8] Mr. Katsaris, the police practices expert, has further opined that the officers failure to adhere to the Mutual Aid Agreement, resulted in their actions not conforming to appropriate police procedures. ¶ (D)(1).

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT PIERCE DIVISION

CASE NO.: 13-CV-14375-GRAHAM/LYNCH

ALLISON LANDSMAN,

Plaintiff,

v.

CITY OF VERO BEACH, a political subdivision, OFFICER FLETCHER McCLELLAN, in his individual capacity, CHIEF DONALD DAPPEN, Former Police Chief of the CITY OF VERO BEACH, in his official and individual capacities,

Defendants.

_____

**Certificate of Service**

      I hereby certify that on September 10, 2014, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

      /s  Guy Bennett Rubin
      GUY BENNETT RUBIN, ESQ.

**SERVICE LIST**
*Allison Landsman v. City of Vero Beach, Et Al.*
**CASE NO: 2013-CV-14375-GRAHAM/LYNCH
United States District Court, Southern District of Florida**

Robert E. Bonner
David R. Lane
reb@fltrialteam.com
Meier Bonner Muszynski O'Dell & Harvey, P.A.
260 Wekiva Springs Rd., Ste. 2000
Longwood, FL 32779-5947
Telephone: 407-872-7774
Facsimile: 407-872-7994
Counsel for Defendants City of Vero Beach,
Fletcher McClellan and Donald Dappen