IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT PIERCE DIVISION

CASE NO. 2-13-CV-14375/GRAHAM-LYNCH

ALLISON LANDSMAN,

    Plaintiff,

v.

CITY OF VERO BEACH, a political
Subdivision, OFFICER FLETCHER
McCLELLAN, in his individual
Capacity,

    Defendants.

_____/

### REPLY OF DEFENDANTS, CITY OF VERO BEACH AND FLETCHER MCCLELLAN, TO PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION IN LIMINE REGARDING MATTERS RELATED TO THE PURSUIT, TRAFFIC STOP AND DETENTION OF ALLISON LANDSMAN

Pursuant to Local Rule 7.1 of the United States District Court for the Southern District of Florida, the Defendants, the City of Vero Beach and Fletcher McClellan, by and through their undersigned attorneys, file and serve their Reply to Plaintiff's Response in Opposition to Defendants' Motion in Limine Regarding Matters Related to the Pursuit, Traffic Stop and Detention of Allison Landsman as follows:

**The Pursuit, Traffic Stop and Detention of Landsman Are Not Relevant to Any Issues to be Tried.**

The only issues pending in this case are a federal claim for excessive force against Fletcher McClellan; state law negligence claims against the City of Vero Beach for negligent

hiring, retention and supervision; and state law battery claims against Fletcher McClellan and the City of Vero Beach. [D.E. 46; D.E. 76] Nonetheless, Landsman claims that she is entitled to litigate whether or not the officers had legal authority to detain her, along with other matters pertaining to the underlying traffic stop and detention of the Plaintiff. [D.E. 125, pages 14-16; D.E. 147, p. 5] Most recently, Landsman claims that she can litigate whether or not the officers were authorized to conduct an investigation in unincorporated Indian River County; whether or not the officers were authorized to stop and detain plaintiff inside her gated community; and whether or not the officers were authorized to pursue plaintiff inside the community. [D.E. 147, p. 5] This is preposterous.

As previously indicated, Landsman has a blood alcohol level of 0.279 after she was taken into custody. [D.E. 96-3] Landsman was subsequently charged with the number of criminal violations and entered a plea of no contest plea and was adjudicated guilty of violating Florida Statute 316.193 (DUI Impairment) and Florida Statute 316.063 for leaving the scene of an accident. [D.E. 78-2; D.E. 78-3, p. 28, line 25 – p. 29, line 6; D.E. 86-7] As part of her plea agreement, Landsman specifically waived any defenses she had regarding jurisdiction for the arrest. [D.E. 86-7, p. 2, lines 4-20] These factors bar her from relitigating any federal or state law claims related to the pursuit, traffic stop and detention.

### Landsman Is Precluded from Litigating Federal Claims Related to the Validity of the Pursuit, Traffic Stop and Detention by *Heck v. Humphrey*.

Despite Landsman's assertions to the contrary, Landsman's no contest plea and conviction are a defense to any claim under 42 USC § 1983 federal claims related to her pursuit, traffic stop, arrest or detention. *Heck v. Humphrey,* 512 U.S. 477 (1994); *Simpson v. Stewart,* 386 Fed.Appx. 859, 860 (11th Cir.2010) (citing *Heck v. Humphrey,* 512 U.S. 477, 486–87, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994)).

Here, any finding that officers did not have legal authority to conduct the traffic stop, detain or arrest Landsman would logically contradict her criminal conviction for violating Florida Statute 316.193 (DUI Impairment) and Florida Statute 316.063 for leaving the scene of an accident. Moreover, allowing Landsman to relitigate the issue of jurisdiction would also fly in the face of her explicit waiver of that issue at the plea hearing. Therefore, to permit Landsman to litigate those issues would necessarily invalidate her plea and subsequent conviction. Consequently, Landsman is barred from relitigating any federal claims related to her pursuit, traffic stop, arrest or detention.

### Landsman Is Precluded from Litigating State Law Claims Related to the Validity of the Pursuit, Traffic Stop and Detention by State Law Principles of Collateral Estoppel.

Landsman suggests that she is not barred from relitigating the issue of the validity of the pursuit, traffic stop and detention under principles of collateral estoppel. In doing so, Landsman asserts that "In federal proceedings, a judgment of conviction entered pursuant to a plea of *nolo contender* will not be given collateral estoppel effect." [D.E. 147, p. 4] This ignores the fact that Federal courts considering whether to give preclusive effect to state court judgments must apply the State's law of collateral estoppel under the Full Faith and Credit Clause. U.S. CONST. art. IV, § 1. Collateral estoppel rules fully apply to civil rights actions arising under § 1983. *Vazquez v. Metro. Dade County,* 968 F.2d 1101, 1106 (11th Cir. 1992). Thus, the Court reviews the question of issue preclusion based upon a prior criminal conviction using the law of the state of Florida. *Brown v. City of Hialeah*, 30 F.3d 1433, 1437 (11th Cir. 1994).

Landsman also fails to appreciate that, with respect to guilty pleas, Florida appellate courts have held that "where a judgment of conviction is based upon a guilty plea . . . a defendant is estopped from denying his guilt of the subject offense in a subsequent civil action." *Kelly v. Dep't of Health & Rehab. Servs.,* 610 So. 2d 1375, 1377 (Fla. 2d DCA 1992); *Behm v.*

*Campbell,* 925 So. 2d 1070, 1072 (Fla. 5th DCA 2006) (concluding that by virtue of his criminal conviction for resisting arrest, the arrestee/plaintiff was foreclosed from collaterally attacking the legality of that arrest in a subsequent civil action); *Moody v. City of Key West,* 805 So. 2d 1018, 1021 (Fla. 3d DCA 2001) (holding plaintiff/arrestee who entered a plea to a reduced charge of simple battery and resisting arrest could not sue officers under § 1983 for wrongful arrest and wrongful detention).

The *Behm* opinion is particularly applicable to Landsman's claims in this case, as the plaintiff in that action had entered a no contest plea to the underlying criminal charges and subsequently filed a civil action for battery, false arrest/imprisonment, and trespass against the county sheriff and his deputies. *Behm v. Campbell,* 925 So. 2d 1070, 1072 (Fla. 5th DCA 2006).

The defendants claimed that even though the court withheld adjudication, the plaintiff was barred from pursuing any civil claim contesting the legality of his arrest. The trial court agreed and entered summary judgment in favor of the defendants. On appeal, the Fifth District Court of Appeal affirmed, holding that the no contest plea constituted a "conviction" providing conclusive evidence of probable cause for the arrest, even though adjudication of guilt was withheld, and thus arrestee was foreclosed from collaterally attacking the legality of his arrest in a civil action against arresting officers. *Behm v. Campbell,* 925 So. 2d 1070, 1072 (Fla. 5th DCA 2006).

In this case, as in *Behm,* Landsman claims that she is entitled to argue the validity of the traffic stop, detention and arrest. Nonetheless, Landsman, like *Behm,* entered a no contest plea. Additionally, unlike the plaintiff in *Behm,* Landsman waived any jurisdictional defects as part of her plea agreement and was adjudicated guilty. Consequently, she is precluded by the doctrine of collateral estoppel from attacking the legality of the traffic stop, detention and arrest.

### The Officers Had Authority to Detain Landsman for a Breach of the Peace Committed in Their Presence.

Finally, Landsman fails to appreciate that regardless of the provisions of the Mutual Aid Agreement, the officers had authority to detain Landsman for a breach of the peace committed in their presence. Under Florida law, a law enforcement officer has the right to detain and arrest an individual who commits a breach of the peace in their presence. *Roberts v. Department Of Highway Safety And Motor Vehicles*, 976 So.2d 1241 (Fla. 2d DCA 2008). *See also, Clinton v. State,* 421 So.2d 186, 188 (Fla. 2d DCA 1982) (recognizing that citizens have a "right to arrest a person who commits a misdemeanor in their presence when said misdemeanor amounts to breach of the peace"); *State v. Furr,* 723 So. 2d 842, 844-45 (Fla. 1st DCA 1998) (determining that Furr's drunk driving was a breach of the peace that authorized an officer outside his jurisdiction to make a citizen's arrest); *Edwards v. State,* 462 So.2d 581, 582 (Fla. 4th DCA 1985) (determining that Edwards' erratic and dangerous driving amounted to a breach of the peace, justifying a citizen's arrest by an officer outside his jurisdiction).

In this case, the undisputed evidence clearly shows that Landsman committed a breach of the peace in the presence of Officer Urbanczyk which justified the traffic stop. In that regard, Officer Urbanczyk observed Landsman's vehicle operating in an erratic manner consistent with driving under the influence of an alcoholic beverage. [D.E. 86-2, 7, 8; D.E. 111-1, p. 33, lines 12-18; D.E. 111-1, p. 35, lines 15-25; D.E. 111-1, p. 38, lines 5-10; D.E. 111-1, p. 39, line 21 – p. 41, line 21] During the time that he observed Landsman's vehicle, it swerved in and out of its lanes of travel and even went off the road way to the right. [D.E. 86-2, 7, 8; D.E. 111-1, p. 33, lines 12-18; D.E. 111-1, p. 35, lines 15-25; D.E. 111-1, p. 38, lines 5-10; D.E. 111-1, p. 39, line 21 – p. 41, line 21] this is precisely the type of breach of the peace that would authorize Officer

Urbanczyk to make a traffic stop and arrest outside of his jurisdiction as approved by Florida appellate courts in *Roberts v. Department Of Highway Safety And Motor Vehicles*, 976 So.2d 1241 (Fla. 2d DCA 2008), *State v. Furr,* 723 So. 2d 842, 844-45 (Fla. 1st DCA 1998) and *Edwards v. State,* 462 So.2d 581, 582 (Fla. 4th DCA 1985). Under these circumstances, Landsman should not be permitted to relitigate the validity of the traffic stop, detention and arrest.

**The Officers Had Authority to Detain Landsman for a Breach of the Peace Committed in Their Presence.**

Evidence should be limited to the time that McClellan used force against Landsman. Therefore, evidence regarding the pursuit, traffic stop and detention of Landsman are inadmissible.

A number of courts that have addressed similar issues have concluded that the applicable authority requires the court "to focus on the moment force was used; conduct prior to that moment is not relevant in determining whether an officer used reasonable force ." *Elliott v. Leavitt,* 99 F.3d 640, 643-44 (4th Cir.1996) (concluding issue of whether officer should have conducted more intensive search before placing decedent in car was irrelevant to issue of whether officer used excessive force when officer shot decedent); *see also Soller v. Moore,* 84 F.3d 964, 968-69 (7th Cir.1996) (holding evidence concerning police procedures that governed pre-seizure activity, such as decision of off-duty police officer to pursue drunk-driving suspect and companion and to continue pursuit, were not relevant as to issue of reasonableness of officer's actions in seizing companion; evidence "has nothing to do with the key issue of whether the force used after a suspect is collared is excessive under the circumstances"); *Greenidge v. Ruffin,* 927 F.2d 789, 791-92 (4th Cir.1991) (concluding evidence as to alleged violation of standard police procedure by officer who failed to employ proper backup or use a flashlight were

not relevant as to issue of whether officer used excessive force when she shot person in car; actions of officer prior to opening car door and identifying self to passengers were not probative of reasonableness of officer's decision to fire shot); *Vincente v. City of Rome, Georgia*, 2005 WL 6032876 (N.D.Ga. 2005) (excluding opinions as to the reasonableness of officer's actions prior to use of force). Applying these principles to the facts and circumstances of the instant case, evidence as to the alleged unreasonableness of McClellan's conduct with respect to the pursuit, traffic stop and detention of Landsman are not relevant. Further, to the extent that Landsman claims that this evidence tends to show McClellan's state of mind, the subjective belief or intention of the officer is irrelevant in an excessive force case. *Scott v. Edinburg,* 346 F .3d 752, 756 (7th Cir.2003). The Court should therefore exclude evidence with respect to the pursuit, traffic stop and detention of Landsman in this matter.

## Conclusion

The only remaining issues in this case pertaining to the use of force by Officer McClellan. Consequently, evidence or argument regarding the pursuit, traffic stop, detention and arrest of Allison Landsman on the night of December 6, 2010 is not relevant to any issue before the court. As such, it should be excluded. Wherefore, the Defendants respectfully request that this Court instruct all parties, their counsel and witnesses not to include, mention, refer to, interrogate concerning, imply, offer into evidence or otherwise attempt to convey to the jury in any manner, shape or form, either directly or indirectly, any evidence or argument regarding the pursuit, traffic stop, detention and arrest of Allison Landsman on the night of December 6, 2010. The Defendants further request that the Court instruct the parties, their counsel and any and all of their witnesses not to make any reference to the fact that this Motion has been filed, granted or denied.

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on **September 15, 2014**, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will provide a copy to **GUY BENNETT RUBIN, ESQ.,** *Rubin & Rubin,* P. O. Box 395, Stuart, FL  34995; Email: grubin@rubinandrubin.com.

                                                      **s/ Robert E. Bonner**
Robert E. Bonner
Florida Bar No. 327875
David R. Lane
Florida Bar No. 563889
*Meier, Bonner, Muszynski, O'Dell*
  *& Harvey, P.A.*
260 Wekiva Springs Road
Suite 2000
Longwood, Florida  32779
E-Mail:  REB@fltrialteam.com
Phone:         (407) 872-7774
Fax:              (407) 872-7997
Attorney for Defendants